UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAYLOR KAYE GROCE,<br><br>   Plaintiff,<br><br>vs.<br><br>SCOTT PINKERTON,<br>JOSEPH J. BERGACS,<br>JIM HEFFERNAN,<br>CITY OF NEW CASTLE, INDIANA,<br>NEW CASTLE POLICE DEPARTMENT,<br>HENRY COUNTY PROSECUTOR'S OFFICE,<br> HENRY COUNTY,<br>RICHARD A. MCCORKLE, AND<br>HENRY COUNTY SHERIFF'S DEPARTMENT,<br><br>   Defendants. | Case No. 1:23-cv-00605-SEB-KMB |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND
OF DEFENDANTS, JIM HEFFERNAN, CITY OF NEW CASTLE, INDIANA,
AND NEW CASTLE POLICE DEPARTMENT**

 In answer to Plaintiff's Complaint for Damages, Defendants, Jim Heffernan, City of New Castle, Indiana, and New Castle Police Department (collectively "Defendants"), by and through counsel, state as follows:

**PRELIMINARY STATEMENT**

 1. This is an action brought by Taylor pursuant to 42 U.S.C. § 1983 and various state law claims seeking all damages recoverable under the law. Taylor seeks redress for the violation of her civil rights under federal law, the United States Constitution, the Fourth Amendment, and various state law claims.

 **ANSWER:** Defendants deny the allegations contained in paragraph 1 of the Complaint.

## PARTIES

2.   At all times material hereto, Shane resided in New Castle, Henry County, Indiana.

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.**

3.   Pinkerton was at all times relevant hereto an investigator for the Prosecutor's Office, and an employee of the Prosecutor's Office and Henry County, who was performing his duties for and acting as an employee of the Prosecutor's Office and was acting under color of state law. He is being sued in his official and individual capacity.

**ANSWER:   The allegations contained in paragraph 3 of the Complaint are not directed towards these answering Defendants and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

4.   Bergacs was at all times relevant hereto a Henry County Prosecutor, and an employee of the Prosecutor's Office and Henry County, who was performing his duties for and acting as an employee of the Prosecutor's Office and Henry County and was acting under color of state law. He is being sued in his official and individual capacity.

**ANSWER:   The allegations contained in paragraph 4 of the Complaint are not directed towards these answering Defendants and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

5.   Heffernan was at all times relevant hereto a law enforcement officer, as that term is defined in Ind. Code § 35-41-1-17, and an employee of the NCPD and the City, who was performing his duties for and acting as an officer of the NCPD and was acting under color of state law. He is being sued in his official and individual capacity.

**ANSWER:   In answer to paragraph 5 of the Complaint, Defendants admit that Lieutenant Heffernan is a law enforcement officer and an employee of the City of New Castle. The remaining allegations contained in paragraph 5 are overly broad and vague and are**

accordingly denied and denied for want of knowledge sufficient to form a belief as to the truth thereof.

      6.      The City is a city incorporated under Indiana law and is located in Henry County, Indiana.

**ANSWER:  Defendants admit the allegations contained in paragraph 6 of the Complaint.**

      7.      The City operates and controls the NCPD for the purposes of providing public safety and protection to the citizens of New Castle and Henry County.

**ANSWER:  In answer to paragraph 7 of the Complaint, Defendants admit that the City of New Castle has a police department. The police department has many functions including providing public safety and protection to the public. The remaining allegations contained in paragraph 7 of the Complaint are denied for want of knowledge sufficient to form a belief as to the truth thereof.**

      8.      The City operates and controls the Prosecutor's Office for the purpose of providing protection to the citizens of New Castle and Henry County.

**ANSWER:  Defendants deny the allegations contained in paragraph 8 of the Complaint.**

      9.      Henry County is a county incorporated under Indiana law and is located in Henry County, Indiana.

**ANSWER:  The allegations contained in paragraph 9 of the Complaint are not directed towards these answering Defendants and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

      10.      McCorkle was at all times relevant hereto a law enforcement officer, as that term is defined in Ind. Code § 35-41-1-17, and an employee of the HCSD, who was performing his

duties for and acting as the Sheriff of the HCSD and was acting under color of state law. He is being sued in his official and individual capacity.

**ANSWER:  The allegations contained in paragraph 10 of the Complaint are not directed towards these answering Defendants and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

11. Henry County operates and controls the HCSD for the purposes of providing public safety and protection to the citizens of Henry County.

**ANSWER:  The allegations contained in paragraph 11 of the Complaint are not directed towards these answering Defendants and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

12. The acts and omissions giving rise to this action occurred in New Castle, Henry County, Indiana.

**ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 12 of the Complaint.**

13. Taylor timely served a tort claim notice.

**ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 13 of the Complaint.**

## FACTS

14. On or about April 19, 2021, Taylor was charged with the following violations: Count 1: Dealing in a Scheduled I Controlled Substance, a level 2 Felony; Count II: Possession of Marijuana, a Class B Misdemeanor; Count III: Possession of Paraphernalia, a Class C Misdemeanor, under Cause No. 33C01-2104-F2-000024.

**ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 14 of the Complaint.**

15.     On or about May 26, 2022, Taylor entered into a Plea Agreement in Cause No. 33C01-2104-F2-000024.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 15 of the Complaint.**

16.     Under the terms of the Plea Agreement, Taylor agreed to plead guilty to Count I: Dealing in a Scheduled 1 Controlled Substance, Level 5 Felony, as a lesser included offense of Dealing in a Controlled Substance, Level 2 Felony.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 16 of the Complaint.**

17.     Under the terms of the Plea Agreement, Taylor agreed to a sentence of three (3) years in the Indiana Department of Corrections.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 17 of the Complaint.**

18.     Under the terms of the Plea Agreement, Taylor's sentence of three (3) years was to be suspended and Taylor was placed on formal probation.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 18 of the Complaint.**

19.     Under the terms of the Plea Agreement, Counts II and II were dismissed.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 19 of the Complaint.**

20.     On or about June 17, 2022, Taylor was arrested pursuant to a Warrant based upon information provided in an Affidavit for Probable Cause filed on May 11, 2022.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 20 of the Complaint.**

21. The Affidavit for Probable Cause was signed Pinkerton and Bergacs.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 21 of the Complaint.**

22. Attached to the Affidavit for Probable Cause was an Incident Report generated by Heffernan and the NCPD dated September 23, 2021, the exact Incident Report supporting the charges previously dismissed as part of the Plea.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 22 of the Complaint.**

23. The Affidavit for Probable Cause charged the following violation: Count 1: Dealing in a Schedule I Controlled Substance, a Level 2 Felony, under Cause No. 33C02-2205-F2-000014.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 23 of the Complaint.**

24. At the time of the arrest, Taylor attempted to explain these charges had previously been adjudicated, dismissed, and sentence rendered under Cause No. 33C01-2104-F2-000024.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 24 of the Complaint.**

25. On June 7, 2022, Taylor was remanded and bail was set at $30,000.00 (Surety) plus $2,500 (Cash).

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 25 of the Complaint.**

26. Taylor was held in the custody of the HCSD in maximum security for four (4) days until June 21, 2022.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 26 of the Complaint.**

27. While Taylor was held in maximum security from June 17, 2022 until June 21, 2022, she was deprived of satisfactory sleeping conditions as she was provided no bed mat and was forced to sleep on the floor.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 27 of the Complaint.**

28. Additionally, while in maximum security from June 17, 2022 until June 21, 2022, Taylor was deprived of personal hygiene items.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 28 of the Complaint.**

29. On July 14, 2022, Bergacs filed a Motion to Dismiss the matter pending under Cause No. 33C01-2205-F2-000014 with prejudice stating "… that this case was filed in error as the facts supporting this case were dismissed pursuant to the terms of the Plea Agreement filed in Cause No. 33C01-2104-F2-00014."

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 29 of the Complaint.**

30. Taylor was then released from the custody of the HCSD on or around July 14, 2022.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 30 of the Complaint.**

31. Defendants unlawfully and without legal cause, arrested and detained Taylor.

**ANSWER: Defendants deny the allegations contained in paragraph 31 of the Complaint.**

32. Taylor was withheld from her family and job.

**ANSWER: Defendants deny the allegations contained in paragraph 32 of the Complaint.**

33. The City, the NCPD, the Prosecutor's Office, Henry County, and HCSD were responsible for the training, control and actions of their employees involved.

**ANSWER: In answer to paragraph 33 of the Complaint, to the extent that the allegations are directed towards the City of New Castle, the City of New Castle admits, in general, that it has certain responsibilities concerning the training, control, and actions of employees who are acting within the course and scope of their employment. Defendants deny that the New Castle Police Department is a legal entity capable of suing or being sued. The remaining allegations contained in paragraph 33 of the Complaint are directed towards persons other than these answering Defendants and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

34. The City, the NCPD, the Prosecutor's Office, Henry County, and HCSD negligently trained and supervised their employees involved.

**ANSWER: Defendants deny the allegations contained in paragraph 34 of the Complaint.**

35. The actions and inactions of the City, the Prosecutor's Office, Henry County, and HCSD were taken under the color of law.

**ANSWER: In answer to paragraph 35 of the Complaint, these answering Defendants admit that the City of New Castle acted under the color of law. The remaining allegations contained in paragraph 35 of the Complaint are directed to persons other than these answering Defendants and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

36. The policies, procedures and customs of Defendants led to, permitted and countenanced the false arrest and imprisonment, and seizure of Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 36 of the Complaint.**

37. The failure of Defendants to follow and enforce some of their own internal policies and procedures led to, permitted and countenanced the false arrest and imprisonment, and seizure of Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 37 of the Complaint.**

38. The Defendants actions exhibit reckless and callous indifference to Taylor's constitutional rights.

**ANSWER: Defendants deny the allegations contained in paragraph 38 of the Complaint.**

39. The City, the NCPD, the Prosecutor's Office, Henry County, and HCSD did not enact appropriate rules and regulations regarding investigations, charging, arrests, processing, and detainment, among other things.

**ANSWER: Defendants deny the allegations contained in paragraph 39 of the Complaint.**

40. The actions and omissions undertaken by Defendants were malicious and willful and wanton.

**ANSWER: Defendants deny the allegations contained in paragraph 40 of the Complaint.**

41. Defendants knowingly, or with reckless disregard for the truth, made false, misleading, or incomplete statements in their probable cause affidavit for the purpose of arresting Taylor.

**ANSWER: Defendants deny the allegations contained in paragraph 41 of the Complaint.**

42. Defendants knew or should have known that the charges against Taylor had been previously adjudicated when they submitted the probable cause affidavit.

**ANSWER: In answer to paragraph 42 of the Complaint, to the extent those allegations are directed towards these answering Defendants, all allegations are denied. To the extent that the allegations contained in paragraph 42 of the Complaint are directed towards defendants other than these answering Defendants, those allegations are denied for want of knowledge sufficient to form a belief as to the truth thereof.**

43. Bergacs, Pinkerton, and the Prosecutor's Office participated in police investigatory work leading to the charging of Plaintiff.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.**

## COUNT I: CIVIL RIGHTS VIOLATIONS-
## § 1983 CLAIMS AGAINST ALL DEFENDANTS

44. Plaintiff, Taylor Kaye Groce, hereby incorporates by reference, re-states and re-alleges the allegations contained in paragraph 1 through 40 of this Complaint, as if fully set forth herein.

**ANSWER: In answer to paragraph 44 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.**

45. The actions or inactions of the Defendants violated Taylor's rights under 42 U.S.C. § 1983, the United States Constitution, the Indiana Constitution, and *Monell*, and constituted unlawful seizure and false arrest and imprisonment among other things under state and Federal law.

**ANSWER: Defendants deny the allegations contained in paragraph 45 of the Complaint.**

46. The Defendants' actions violated Taylor's rights to be free from unreasonable search and seizure under the 4th amendment.

**ANSWER: Defendants deny the allegations contained in paragraph 46 of the Complaint.**

47. The conditions of Plaintiff's confinement failed to meet constitutional standards.

**ANSWER: Defendants deny the allegations contained in paragraph 47 of the Complaint.**

48. The actions and/or inactions of Defendants constitute deliberate indifference.

**ANSWER: Defendants deny the allegations contained in paragraph 48 of the Complaint.**

## COUNT II – NEGLIGENCE AGAINST ALL DEFENDANTS

49. Plaintiff, Taylor Kaye Groce, hereby incorporates by reference, re-states and re-alleges the allegations contained in paragraph 1 through 50 of this Complaint, as if fully set forth herein.

**ANSWER: In answer to paragraph 49 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein. All further allegations are denied.**

50. At all times relevant, the Defendants owed Taylor the duty to act with reasonable and due care among other things.

**ANSWER: In answer to paragraph 50 of the Complaint, these answering Defendants admit that they have those obligations as set forth under Indiana law. The remaining allegations contained in paragraph 50 of the Complaint are vague, ambiguous, and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

51. These general duties of reasonable care and due care owed to Plaintiff by the Defendants include but are not limited to the following specific obligations:

   a. to refrain from wrongfully and/or unlawfully charging, arresting and/or imprisoning Plaintiff; and

   b. to refrain from breaching private duties owed to Plaintiffs.

**ANSWER: In answer to paragraph 51 of the Complaint, including subparts, these answering Defendants admit that they have those obligations as set forth under Indiana law. The remaining allegations contained in paragraph 51 of the Complaint are vague, ambiguous, and are accordingly denied for want of knowledge sufficient to form a belief as to the truth thereof.**

52. Defendants breached duties owed to the Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 52 of the Complaint.**

53. Defendants were negligent.

**ANSWER: Defendants deny the allegations contained in paragraph 53 of the Complaint.**

54. As a result of the Defendants' negligence, Plaintiff incurred personal injuries, physical injury, emotional distress, and other damages.

**ANSWER: Defendants deny the allegations contained in paragraph 54 of the Complaint.**

## COUNT III – FALSE ARREST OR IMPRISONMENT
## AGAINST ALL DEFENDANTS

55. Plaintiff, Taylor Kaye Groce, hereby incorporates by reference, re-states and re-alleges the allegations contained in paragraph 1 through 56 of this Complaint, as if fully set forth herein.

**ANSWER:   In answer to paragraph 55 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein.  All additional allegations are denied.**

56. At the time of Taylor's arrest, there was no probable cause to make the arrest as Taylor's charges had been previously adjudicated under Cause No. 33C01-2104-F2-000024.

**ANSWER:   Defendants deny the allegations contained in paragraph 56 of the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.**

57. The Probable Cause Affidavit in Cause No. 33C01-2104-F2-000024 was signed by Pinkerton and Bergacs on April 19, 2021.

**ANSWER:   Defendants deny the allegations contained in paragraph 57 of the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.**

58. The Plea Agreement in Cause No. 33C01-2104-F2-000024 was signed by Bergacs on May 26, 2022.

**ANSWER:   Defendants deny the allegations contained in paragraph 58 of the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.**

59. The Affidavit of Probable Cause in Cause No. 33C02-2205-F2-000014 was also signed by Pinkerton and Bergacs.

**ANSWER:   Defendants deny the allegations contained in paragraph 59 of the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.**

60. Defendants, and each of them, intentionally and unlawfully exercised force to retrain, detain, and confine Plaintiff, putting restraints on Taylor's freedom of movement, and compelled Plaintiff to remain and/or move against her will. Defendants authorized, directed and assisted in procuring, without process Taylor's unlawful arrest, imprisonment and/or detainment.

**ANSWER:   Defendants deny the allegations contained in paragraph 60 of the Complaint.**

## COUNT IV – MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

61. Plaintiff, Taylor Kaye Groce, hereby incorporates by reference, re-states and re-alleges the allegations contained in paragraph 1 through 62 of this Complaint, as if fully set forth herein.

**ANSWER:   In answer to paragraph 61 of the Complaint, Defendants incorporate their answers to the previous paragraphs as if fully written herein. All further allegations are denied.**

62. Defendants improperly instituted, caused to be instituted, maintained, or caused to be maintained, a criminal action and charges against Taylor.

**ANSWER:   Defendants deny the allegations contained in paragraph 62 of the Complaint.**

63. Defendants had no probable cause to institute, cause to be instituted, maintain, or cause to be maintained the criminal charges against Taylor.

**ANSWER:   Defendants deny the allegations contained in paragraph 63 of the Complaint.**

64. Defendants further failed to conduct an adequate investigation under the circumstances; and in some instances, Defendants acted with personal animosity.

**ANSWER:** **Defendants deny the allegations contained in paragraph 64 of the Complaint.**

65. In so doing, Defendants acted with malice.

**ANSWER:** **Defendants deny the allegations contained in paragraph 65 of the Complaint.**

66. The criminal action ended in Shane's favor on July 14, 2022.

**ANSWER:** **Defendants deny the allegations contained in paragraph 66 of the Complaint for want of knowledge sufficient to form a belief as to the truth thereof.**

67. By their actions, Defendants acted under color of state law, and pursuant to the custom and/or policy of the City, the Prosecutor's Office, the NCPD, and Henry County.

**ANSWER:** **Defendants deny the allegations contained in paragraph 67 of the Complaint.**

68. Defendants' supervisors knew of and facilitated, approved, condoned, or turned a blind eye to Defendant, Pinkerton, Bergacs, and Heffernan's conduct, as well as their own.

**ANSWER:** **Defendants deny the allegations contained in paragraph 68 of the Complaint.**

**Defendants deny all allegations in the Complaint which have not been specifically admitted herein, including plaintiff's request for damages and other relief.**

## AFFIRMATIVE DEFENSES

1. The New Castle Police Department is not a legal entity capable of suing or being sued. It is not *sui juris*.

2. The claimed injuries and damages are the direct and proximate result of Plaintiff's own conduct.

3. Any state law claims against the Defendants are barred due to Plaintiff's failure to serve notice as required under the Indiana Code.

4. Defendants acted in good faith and with reasonableness at all times relevant to Plaintiff's complaint.

5. Defendants have immunity from liability for the allegations in Plaintiff's Complaint under both state and federal law.

6. Defendants are entitled to the defenses and immunities under the Indiana Code.

7. Defendant, Jim Heffernan is entitled to the defense of qualified good faith immunity.

8. The claimed injuries and damages were proximately caused by the contributory and/or comparative negligence of Plaintiff.

9. The claimed injuries and damages were proximately caused by an intervening and/or superseding cause.

10. No custom, policy or practice of the Defendant, City of New Castle Indiana and the Defendant, New Castle Police Department, proximately cause a constitutional injury to Plaintiff.

11. Plaintiff knowingly and voluntarily assumed and/or incurred the risk of her claimed injuries.

12. Plaintiff's claims are barred because Defendants had probable cause for the actions taken.

13. The Defendants were privileged to act and had a duty to act.

14. Certain of Plaintiff's claims are subject to damages caps.

15. Defendants reserve the right to assert such additional affirmative defenses which may come to light during the pendency of this action.

WHEREFORE, Defendants, Jim Heffernan, City of New Castle, Indiana, and New Castle Police Department pray that Plaintiff's Complaint be dismissed with prejudice, that Defendants be awarded all reasonable costs incurred in the defense of this action, and that Defendants be granted all such further relief as this Court deems just and proper.

Respectfully submitted,

   */s/ Ronald A. Mingus*
Ronald A. Mingus (Atty No. 31144-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-663-8570
F: 317-228-0943
rmingus@reminger.com
*Attorney for Defendants, Jim Heffernan, City of New Castle, Indiana, and New Castle Police Department*

## **JURY DEMAND**

Defendants hereby request a trial by jury on all issues so triable.

Respectfully submitted,

   */s/ Ronald A. Mingus*
Ronald A. Mingus (Atty No. 31144-49)
REMINGER CO., LPA
College Park Plaza
8909 Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-663-8570
F: 317-228-0943
rmingus@reminger.com
*Attorney for Defendants, Jim Heffernan, City of New Castle, Indiana, and New Castle Police Department*

## CERTIFICATE OF SERVICE

      I certify that on this ____12th____ day of April, 2023, a copy of the foregoing document was filed using the Court's Electronic Filing System. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Electronic Filing System.

*Counsel for Plaintiff*
Brandon E. Tate
Katherine A. Piscione
F. Holton Hovde
Waldron Tate Bowen Spandau LLC
brandon@wtbs-law.com
katie@wtbs-law.com
holt@wtbs-law.com

*Counsel for Defendants, Scott Pinkerton, Richard McCorkle, Henry County, and Henry County Sheriff's Department*
Andrew Upchurch
Travelers Staff Counsel Indiana
280 East 96th Street, Suite 325
Indianapolis, IN 46240
Mailing: P.O. Box 64093
St. Paul, MN 55164-0093
ajupchur@travelers.com

                                                  */s/ Ronald A. Mingus*
                                          Ronald A. Mingus (Atty No. 31144-49)
                                          REMINGER CO., LPA