UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAYLOR KAYE GROCE, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 1:23-cv-00605-SEB-CSW |
| SCOTT PINKERTON, et al., | ) |
|                 Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Taylor Kaye Groce has brought this action pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights by various governmental actors as well as several Indiana state law claims. This matter comes before the Court on May 12, 2023, on a motion to dismiss for failure to state a claim filed by two of the defendants: Defendants Henry County Prosecutor Joseph Bergacs ("Prosecutor Bergacs") and the Henry County Prosecutor's Office ("the Prosecutor's Office") (collectively, the "State Defendants") [Dkt. 14]. For the reasons set forth below, we grant the State Defendants' Motion to Dismiss in all but one respect.

**Factual Background**[1]

On April 29, 2021, Ms. Groce was charged in Henry Circuit Court with three offenses: Count I: Dealing in a Scheduled I Controlled Substance, a level 2 Felony; Count II: Possession of Marijuana, a Class B Misdemeanor; and Count III: Possession of

---

[1] We have included in this section only those facts relevant to resolving the currently pending Motion to Dismiss.

1

Paraphernalia, a Class C Misdemeanor under Cause No. 33C01-2104-F2-000024. On May 26, 2022, she signed a plea agreement to plead guilty to Count I: Dealing in a Scheduled I Controlled Substance, Level 5 Felony, as a lesser included offense of Dealing in a Controlled Substance, Level 2 Felony; Counts II and II were dismissed. Pursuant to the plea agreement, Ms. Groce agreed to a three-year suspended sentence and formal probation.

A short time thereafter, on June 17, 2022, Ms. Groce was arrested in Henry County pursuant to a warrant based on information provided in an Affidavit for Probable Cause filed on May 11, 2022. The Affidavit for Probable Cause was signed by Defendant Joseph Bergacs, the Henry County Prosecutor, containing details of a violation of Dealing in a Scheduled I Controlled Substance, a level 2 Felony under Cause No. 33C01-2104-F2-000014 (Count I). Plaintiff contends that at the time of her arrest, she attempted to explain that these charges had been previously adjudicated and a sentence rendered under Cause No. 33C01-2104-F2-000024. Nevertheless, Ms. Groce was taken into custody and detained by the Henry County Sheriff's Department for a period of four days from June 17, 2022 until June 21, 2022. Ms. Groce further alleges that Defendants Joseph Bergacs and the Henry County Prosecutor's Office "participated in police investigatory work leading to the charging of Plaintiff." Compl. ¶43.

While in custody, Ms. Groce alleges, "she was deprived of satisfactory sleeping conditions" and "personal hygiene items." *Id.* ¶27–28. On July 24, 2022, Prosecutor Bergacs filed a Motion to Dismiss the criminal charges with prejudice, noting that the case had been filed in error because the matter had been previously adjudicated, pursuant

2

to a Plea Agreement in Cause No. 33C01-2104-F2-000024. Ms. Groce was thus released from the custody of the Henry County Sheriff's Department that same day.

On April 6, 2023, Ms. Groce filed a civil complaint in Henry Circuit Court, pursuant to 42 U.S.C. § 1983, alleging violations of her federal constitutional rights as well as violations of the Indiana Constitution and state law negligence, false arrest/imprisonment, and malicious prosecution claims against nine Defendants. That case was removed from Henry Circuit Court to this Court. Now before the Court is the State Defendants' Motion to Dismiss, which has been fully briefed and is ripe for a ruling.

## Legal Analysis

### I. Motion to Dismiss Standard

The State Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must also include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Motion to Dismiss Filed by Defendants Joseph Bergacs and the Henry County Prosecutor's Office

The State Defendants have moved to dismiss Plaintiff's claims against them on the following grounds: (1) Prosecutor Bergacs is entitled to prosecutorial immunity under federal law; (2) Prosecutor Bergacs is entitled to absolute prosecutorial immunity under Indiana state law; (3) Prosecutor Bergacs is entitled to immunity under the Indiana Tort Claims Act; (4) Plaintiff's *Monell* claims are not adequately pled; (5) the Henry County Prosecutor's Office is not a "person" and thus cannot be sued under 42 U.S.C. § 1983; (6) the Indiana Constitution does not give citizens a private right of action to enforce its provisions; and (7) Plaintiff's complaint provides no factual basis to support injunctive relief.[2] We address each of these arguments in turn below.

### A. Defendant Joseph Bergacs

### 1. Federal Claims

Ms. Groce's complaint alleges that Prosecutor Bergacs participated in police investigatory work, which precludes any assertion of absolute prosecutorial immunity because such conduct is not prosecutorial in nature. *See*, *e.g.*, *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016) (holding that a prosecutor's actions with respect to

---

[2] In their Motion to Dismiss, Defendants argued that Plaintiff's claim for injunctive relief should be dismissed. However, Plaintiff clarified in their Response that they are not bringing a separate cause of action for injunctive relief. Rather, it was "merely a request for relief, included within a litany of other requests for relief." Dkt. 17 at 18–19. Therefore, we will not review this as a separate claim for the purposes of Defendants' Motion to Dismiss.

investigative tasks are entitled only to qualified immunity). Ms. Groce is correct that, although prosecutors are entitled to absolute immunity for actions taken within the scope of their prosecutorial duties, this immunity does not extend to include investigatory work normally performed by police officers or detectives. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Nevertheless, Ms. Groce has failed to plead sufficient facts to support her claim that Prosecutor Bergacs did, indeed, engage in police investigatory work.

A plaintiff is not required to plead "detailed factual allegations," to survive a Rule 12(b)(6) motion, but there must be more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). Here, Ms. Groce's claim is conclusory in nature, in which she asserts that Prosecutor Bergacs engaged in police investigatory work but lacks any factual allegations to support this conclusion. A barebones allegation that Prosecutor Bergacs participated in investigatory work is insufficient to give rise to a plausible inference that his actions were not prosecutorial in nature. The specific actions taken by Prosecutor Bergacs as alleged in Ms. Groce's complaint include signing an Affidavit for Probable Cause and filing a Motion to Dismiss, which acts fall squarely within the realm of his prosecutorial duties. Indeed, prosecutorial immunity "encompasses quintessentially prosecutorial functions like . . . acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial." *Bianchi*, 818 F.3d at 318 (quotation marks and citation omitted). Thus, we

hold that Prosecutor Bergacs is entitled to prosecutorial immunity from any federal claims against him.

To the extent that Ms. Groce has alleged an official capacity claim against Prosecutor Bergacs, such a claim also fails because "the Prosecutor's Office is an arm of the state" making Bergacs a state official. *See Hendricks v. New Albany Police Dep't*, No. 4:08-cv-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010) (collecting cases). Indeed, "[s]tates or state officials acting in their official capacities are simply not 'persons' under § 1983 and therefore cannot be named as defendants in a suit under that statute." *Raney v. Wisconsin*, No. 21-1863, 2022 WL 110276, at *1, n.1 (7th Cir. Jan. 12, 2022) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, Ms. Groce's § 1983 claim alleged against Prosecutor Bergacs must be dismissed.

**2. State Claims**

Prosecutor Bergacs is also immune from suit for state law negligence, false arrest/imprisonment, and malicious prosecution claims as alleged against him here. The Indiana Supreme Court has recognized that prosecutors are entitled to immunity when they act "reasonably within the general scope of authority granted" to them. *Foster v. Pearcy*, 387 N.E.2d 446, 449 (1979). Furthermore, "the Supreme Court's distinction between prosecutorial and administrative or investigative functions for purposes of immunity" has been rejected under Indiana law "as long as the prosecutor is acting within the scope of his or her authority." *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998). Thus, the scope of prosecutorial immunity under Indiana law is "more generous to the

6

prosecutor." *Id.* Indiana's prosecutorial immunity extends even further than federal prosecutorial immunity. Thus, having determined that the complaint does not plausibly allege that Prosecutor Bergacs was acting outside the scope of his authority as a prosecutor when he engaged in the challenged conduct, he is shielded from liability by prosecutorial immunity under Indiana law.

Prosecutor Bergacs also seeks to rely on immunity from suit stemming from the Indiana Tort Claims Act ("ITCA") so to preclude any state tort law claims alleged against him by Ms. Groce. The ITCA, set forth in Indiana Code § 34–13–3–1 *et seq.*, "governs lawsuits against political subdivisions and their employees," and "provides substantial immunity for conduct within the scope of the employee's employment." *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003). Under the ITCA, "an employee acting within the scope of the employee's employment is not liable if a loss results from" either "[t]he initiation of a judicial or an administrative proceeding" or "[t]he performance of a discretionary function," among other things. Ind. Code §§ 34–13–3–3 (6)–(7).

Here, nothing in the complaint suggests that Prosecutor Bergacs was acting outside of his employment. Moreover, the alleged actions taken by Prosecutor Bergacs, namely, the signing of an Affidavit for Probable Cause and the filing of a Motion to Dismiss, involved the "initiation of judicial . . . proceeding" and "[t]he performance of a discretionary function." Ind. Code §§ 34–13–3–3 (6)–(7). Although, as discussed previously, the complaint alleges that Prosecutor Bergacs engaged in investigatory work, the Indiana Supreme Court has acknowledged that a "prosecutor will be able to exercise

the independent judgment necessary to effectuate his duties to investigate and prosecute" while retaining absolute immunity. *Foster*, 387 N.E.2d at 449. Thus, we find that Prosecutor Bergacs is entitled to absolute immunity under Indiana law, and any state law claims against him are subject to dismissal.

### B. Defendant Henry County Prosecutor's Office

#### 1. *Monell* Claim

We turn next to address Ms. Groce's § 1983 claims against the Henry County Prosecutor's Office brought pursuant to *Monell v. Dep't of Socs. Servs.*, 436 U.S. 658 (1978). Under *Monell*, "§ 1983 claims may be brought against municipalities and other local governmental entities for actions by its employees . . . if those actions were taken pursuant to an unconstitutional policy or custom." *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012) (citing *Monell v. Dep't of Socs. Servs.*, 436 U.S. 658, 694 (1978)). However, such liability is "limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Monell v. Dep't of Socs. Servs.*, 436 U.S. 658, 690 n.54 (1978). Consequently, the Henry County Prosecutor's Office cannot be found liable under *Monell* because "[c]ounty prosecutors' offices are . . . state agencies." *Patton v. Indiana Univ. Bd. of Trustees*, No. 1:20-CV-00699-TWP-MJD, 2022 WL 3716522, at *6 (S.D. Ind. Aug. 29, 2022). *See also Hendricks v. New Albany Police Dep't*, No. 4:08-cv-0180-TWP-WGH, 2010 WL 4025633, at *3, *6 n.1 (S.D. Ind. Oct. 13, 2010) (stating that a prosecutor's office "is an arm of the state" and noting that a *Monell* claim against a county prosecutor's office is not viable). Accordingly, as a state

agency, the Henry County Prosecutor's Office cannot be sued under a *Monell* theory of liability, and Ms. Groce's claims against the Prosecutor's Office in this regard must fail.

### 2. State Law Claims

Ms. Groce has also alleged state law negligence, false arrest/imprisonment, and malicious prosecution claims against the Prosecutor's Office. Although the State Defendants ostensibly seek dismissal of all claims against them, they did not address the state law claims brought against the Prosecutor's Office anywhere in their opening brief, instead addressing them only in a footnote included in their reply brief. Because arguments first raised for the first time in a reply brief are beyond the purview of our review *Nelson v. LaCrosse County District Attorney*, 301 F.3d 820, 836 (7th Cir. 2002), the State Defendants' motion to dismiss must be denied as to these state law claims brought against the Prosecutor's Office.

### C. Private Right of Action Under the Indiana Constitution Claims

Finally, Ms. Groce's contention that the Indiana Constitution provides her a private right of action to sue for monetary damages is without merit. *See, e.g.*, *City of Indianapolis v. Cox*, 20 N.E.3d 201, 212 (Ind. Ct. App. 2014) ("[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution.") (quoting *Smith v. Ind. Dep't of Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007)); *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 934 (S.D. Ind. 2010) (noting that "[g]oing back to at least 2000, and after [the Indiana Supreme Court's decision in *Cantrell v. Morris*, 849 N.E.2d 488 (Ind. 2006)], the judges of this District have refused to recognize implied rights of action under the Indiana

Constitution." Without a right of action for monetary damages under the Indiana Constitution against either Prosecutor Bergacs or the Prosecutor's Office, Ms. Groce's claims must fail. To the extent Ms. Groce has sought injunctive relief under the Indiana Constitution, she has not adequately pled such a claim, and in fact does not argue otherwise.

### III. Conclusion

For the reasons detailed above, the Court <u>DENIES IN PART</u> the State Defendants' Motion to Dismiss only as to Plaintiff's state law claims against the Prosecutor's Office. The Motion to Dismiss in all other respects is <u>GRANTED</u>. The dismissals are all with prejudice, with the exception of the federal claim against Prosecutor Bergacs alleging that he participated in police investigatory work, which is dismissed without prejudice. The case shall proceed accordingly.

IT IS SO ORDERED.

Date:   3/6/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Breanne Chambers
Office of Indiana Attorney General
breanne.chambers@atg.in.gov

Frederick Holton Hovde
Waldron Tate Bowen Spandau
holt@wtb-lawyers.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Ronald A. Mingus
REMINGER CO. LPA (Indianapolis)
rmingus@reminger.com

Katherine Anne Piscione
Waldron Tate Bowen Land LLC
katie@wtb-lawyers.com

Brandon Eric Tate
Waldron Tate Bowen LLC
brandon@wtb-lawyers.com

Andrew J. Upchurch
Travelers Staff Counsel Indiana
ajupchur@travelers.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com